*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-BS-262

IN RE ROBIN T. BROWDER, RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 482885)

On Report and Recommendation of Hearing Committee Number Seven
Approving Petition for Negotiated Discipline
(BDN D73-07)

(Decided: June 4, 2015)

Before FISHER and THOMPSON, *Associate Judges*, and STEADMAN, *Senior Judge*.

PER CURIAM: This decision is issued as non-precedential. Please refer to D.C. Bar R. XI, § 12.1 (d) governing the appropriate citation of this opinion.

In this disciplinary matter, Hearing Committee Number Seven ("Committee") recommends approval of an amended petition for negotiated attorney discipline. The violations stem from respondent Robin T. Browder's neglect in eight separate personal injury cases and misrepresentations made to conceal her neglect that occurred during the years 2005-2007.

Based upon the neglect of these eight clients, respondent admittedly violated six rules of the District of Columbia Rules of Professional Conduct over an eighteen-month period. As a result, Bar Counsel and respondent negotiated imposition of discipline in the form of a ninety-day suspension, stayed in favor of one-year unsupervised probation with conditions including that respondent not be the subject of another disciplinary action and complete a continuing legal education course approved by Bar Counsel. If respondent fails to comply with these and other conditions of her probation, her probation will be revoked, the ninety-day suspension imposed, and respondent must demonstrate fitness prior to reinstatement. Bar Counsel filed an amended petition to this effect and the Committee concluded, after the limited hearing on the petition and an *in camera* review of Bar Counsel's investigative files and records, that respondent violated the numerous Rules of Professional Conduct identified in the amended petition.

We agree with the Committee's recommendation because it properly applied D.C. Bar R. XI, 12.1 (c) to arrive at this conclusion, and we find no error in the Committee's determination. Furthermore, the Committee considered the aggravating factors and mitigating circumstances, including respondent's multiple mental and physical stressors that led to major depression and caused her

misconduct, respondent taking full responsibility for her actions, the lack of any prior disciplinary complaints, the short period of time she had been licensed, and her full cooperation with Bar Counsel. The Committee also considered that, since the time period in question, respondent has achieved success in a different practice setting, and has had no difficulties with her job and no further disciplinary complaints. Based upon the record before the court, the negotiated discipline of a ninety-day suspension from the practice of law suspended in favor of one-year unsupervised probation[1] is not unduly lenient and is supported by discipline imposed by this court for similar actions with aggravating circumstances.[2] Furthermore, in light of the mitigating factors, we adopt the recommendation that a fitness requirement be imposed if respondent's probation is revoked.

[1] Respondent is not required to file a D.C. Bar R. XI, § 14 (g) affidavit because respondent's suspension is stayed.

[2] *See In re Chapman*, 962 A.2d 922 (D.C. 2009) (summarizing the range of sanctions previously imposed by this court for attorney neglect cases with aggravating circumstances).

In accordance with our procedures in uncontested disciplinary cases, we agree this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Robin T. Browder is hereby suspended from the practice of law in the District of Columbia for the period of ninety days, execution suspended in favor of one year unsupervised probation on the condition that respondent is not the subject of another disciplinary complaint resulting in a finding that she violated disciplinary rules of any jurisdiction where she is licensed; promptly notifies Bar Counsel of any ethics complaint filed against her and its disposition; notifies Bar Counsel and the Board on Professional Responsibility, in writing, if and when she chooses to practice as an attorney representing clients; completes a continuing legal education course approved by Bar Counsel and provides proof of attendance within ten days of taking the course. However, if respondent fails to comply with any of the conditions and her probation is revoked, respondent shall be suspended for ninety days with the requirement to prove fitness as a condition to her reinstatement.

*So ordered.*